United States District Court
Southern District of Texas
**ENTERED**
November 10, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Adesunmbo Adegbenro, <br><br> *Plaintiff,* <br><br> v. <br><br> Bank of America, N.A. and All Persons Unknown, Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto, <br><br> *Defendant.* | Case No. 4:22-cv-00828 |

## MEMORANDUM AND RECOMMENDATION

In this mortgage dispute, Plaintiff Adesunmbo Adegbenro filed a motion to remand the suit to Texas state court, Dkt. 8, which Defendant Bank of America, N.A. has opposed, Dkt. 9. Subsequently, the case was referred to the undersigned judge. Dkt. 22. After carefully considering the motion, Dkt. 8, response, Dkt. 9, reply, Dkt. 10, and the applicable law, it is recommended that Adegbenro's motion to remand be denied.

## Background

On January 25, 2022, Adegbenro filed a *pro se* petition against the Bank in Texas state court. Dkt. 1-2. The petition seeks to invalidate a loan modification of a mortgage agreement for Adegbenro's property in Cypress, Texas (the "Property") on various grounds. Dkt. 1-2 ¶¶ 7-181. Adegbenro asserts ten state-law causes of action, *id.* ¶¶ 35-181, including a request for an injunction barring Bank of America from foreclosing on the Property, *id.* ¶ 55. In addition, the petition seeks $4 million in actual damages, plus $12 million in exemplary damages. *Id.* at 32.

The Bank timely removed the suit to this Court less than thirty days after it was served, Dkt. 1 at 2, invoking two alternative bases for federal jurisdiction, *id.* ¶¶ 1-13. As the first alternative, the notice of removal asserts that certain of Adegbenro's claims raise a federal question because he alleges the mortgage violates federal law. *Id.* ¶¶ 1-3 & nn.2-4 (invoking 28 U.S.C. §§ 1331 and 1367 and citing allegations that the mortgage violates the Truth in Lending Act, the Real Estate Settlement Procedures Act, and regulations promulgated by the Consumer Fraud Protection Bureau and USDA).

But the notice of removal also invokes diversity jurisdiction, 28 U.S.C. § 1332, premised on Adegbenro's residence in Texas, the Bank's status as a national bank with its principal place of business in North Carolina, Adegbenro's demand for millions of dollars in damages, and his requests to

2

prevent foreclosure on the Property. Dkt. 1 ¶¶ 4-11 & nn.5-7 (citing, *inter alia*, Dkt. 1-2 ¶¶ 1, 10).

Adegbenro then filed a motion to remand the case. Dkt. 8. The Bank filed a response, Dkt. 9, and Adegbenro filed a reply, Dkt. 10. The motion is ripe for review.

## **Legal Standard**

A defendant can remove, to federal court, an action that was filed in state court if the action could originally have been filed in federal court. 28 U.S.C. § 1441(a). Federal courts, in turn, are authorized to hear cases that either (1) involve questions of federal law, 28 U.S.C. § 1331, or (2) "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States," *id.* § 1332(a)(1).

The removal statute must "be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). "The jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The party invoking federal jurisdiction bears the burden to prove that jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## Analysis

Adegbenro maintains that this suit should be remanded because his state-court causes of action do not raise a federal question. *See* Dkt. 8 ¶¶ 1-14. That is not the only basis on which the Bank invoked federal jurisdiction, however. Adegbenro does not address or dispute the Bank's alternative ground for removal based on diversity jurisdiction, 28 U.S.C. § 1332. Dkt. 1 ¶¶ 4-11. But because subject matter jurisdiction cannot be waived, the Court reviews the issue independently to determine whether jurisdiction exists. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

As explained below, the Bank has met its burden to show that the parties are citizens of different states and the amount in controversy exceeds the jurisdictional minimum of $75,000. Diversity jurisdiction therefore provides an independent basis for jurisdiction and, thus, for removal, regardless of whether federal question jurisdiction exists. *See, e.g., Brown v. Bank of Am., N.A.*, 2013 WL 5548222, at *1 (N.D. Tex. Oct. 8, 2013) (similarly declining to address federal question jurisdiction, concluding that diversity jurisdiction was proper, and denying motion to remand). Contrary to Adegbenro's contention, the *Rooker-Feldman* abstention doctrine has no application here. Adegbenro's motion to remand should be denied.

### I. Removal was proper based on diversity jurisdiction.

#### A. The parties are citizens of different states.

Whether the parties are citizens of different states for purposes of diversity jurisdiction requires reference to several different tests. As a natural person, Adegbenro is considered a citizen of the state where he is domiciled. "Domicile requires residence in [a] state and an intent to remain in the state." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007) (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). Adegbenro's state-court petition discloses that he resides in Harris County, Texas. Dkt. 1-2 ¶ 1. Specifically, he resides at the Property in Cypress, Texas that underlies this suit. *See id.* ¶ 6 (providing address for the Property); *id.* at 32 (listing same address under signature block). Adegbenro also does not dispute that he intends to remain in Texas. He is therefore deemed to be a citizen of Texas.

The next question concerns the citizenship of the Bank. As a national bank, the Bank "is a citizen of the State in which its main office, as set forth in the articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006); 28 U.S.C. § 1348. Under that test, the Bank is a citizen of North Carolina, the state where its main office is located. Dkt. 9 at 5; *see, e.g.*, *Brown v. Bank of Am., N.A.*, 2013 WL 5548222, at *1 (N.D. Tex. Oct.

8, 2013) (holding that Bank of America "is a citizen of North Carolina because it is a national banking association with its main office located in that state").

Adegbenro also named certain unknown parties as defendants, which are described as "all persons" who may claim title to or other interests in the Property. *See* Dkt. 1-2 at 1. The citizenship of those unknown parties is not relevant to the propriety of removal. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1235 (10th Cir. 2006) (agreeing with other courts that, pursuant to Section 1441(b), "'John Does' are disregarded for purposes of removal on the basis of diversity of citizenship").

Because the parties specifically named and identified in this suit are citizens of different states—for Adegbenro, Texas, and for the Bank, North Carolina—this requirement of Section 1332(a)(1) is satisfied.

### B. Adegbenro's request for injunctive relief implicates more than the jurisdictional minimum.

The final requirement for diversity jurisdiction concerns the amount in controversy, which must exceed $75,000. *See* 28 U.S.C. § 1332(a). "If the plaintiff's state court petition specifies a dollar amount of damages, that amount controls if made in good faith." *Guijarro v. Enter. Holdings, Inc.*,

6

39 F.4th 309, 314 (5th Cir. 2022) (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

Here, the Bank asserts that Adegbenro's request for $4 million in compensatory damages and $12 million in exemplary damages is, standing alone, sufficient to demonstrate that the amount-in-controversy meets the jurisdictional minimum. Dkt. 9 at 4. But Adegbenro's factual allegations come nowhere close to supporting millions of dollars in damages, particularly when the Bank's own evidence reflects that the Property underlying this suit had an appraised value—at least as of January 1, 2021—of $181,206.00. *See* Dkt. 1-7. The Court therefore cannot conclude that Adegbenro's demand was made in good faith, such that it should be accepted on its face. *See, e.g., Baker v. Family Dollar Stores of Tex., LLC*, 2021 WL 3725923, at *3 (N.D. Tex. Aug. 23, 2021) (holding that state-court allegation seeking between $250,000 and $1 million in damages, which was unsupported by factual allegations, was not made in good faith and thus was insufficient to show that the suit implicated more than $75,000 in damages).

Even so, Adegbenro's petition also seeks an injunction to prevent the foreclosure sale of the Property. Dkt. 1-1 ¶ 55 (requesting "that the Court permanently enjoin Defendant from non-judicial foreclosure on the home of Plaintiffs or evicting the Plaintiff from her home"). In such a case, "the amount in controversy includes the Property's value," which is "commonly proven by

7

attaching a county appraisal district's assessment of the property." *Logan v. Carrington Mortg. Servs., LLC*, 2022 WL 4110311, at *4 (S.D. Tex. Sept. 7, 2022) (internal quotation marks and alteration omitted); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) ("In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy."). Courts can consider such "summary judgment type evidence" to determine if the jurisdictional minimum is met. *See Manguno*, 276 F.3d at 723.

As noted above, the Harris County Appraisal District indicates that the Property's appraised value was $181,206.00 as of January 1, 2021. Dkt. 1-7 (Harris County Appraisal District assessment). The Court can and does take judicial notice that the value as of January 1, 2022—closer to the March 14, 2022 date of removal, Dkt. 1—is even higher: $199,326.[1] *See Kew v. Bank of Am., N.A.*, 2012 WL 1414978, at *3 n.4 (S.D. Tex. Apr. 23, 2012) (applying Fed. R. Evid. 201(b)(2) to take judicial notice of property's appraised fair-market value, as published on Harris County Appraisal District's website).

---

[1] Harris County Appraisal District, Real Property Account Information, https://public.hcad.org/records/details.asp?crypt=%94%AD%AE%A9%C4%8F%B5%CF%8C%7Chf%90b%B8%A7%8B%B8eb%5Cn%5C%92%5Cd%80ZzU%8A%7C%80%7DjViiMSYxLX%5B%B8%96%A3%C0q%5EJ%AA%AA%9B%96g (last visited Nov. 10, 2022).

8

Based on these facts, which Adegbenro does not dispute, the Bank has satisfied its burden to show that the amount in controversy exceeds $75,000, and thus meets the final requirement for diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Removal was therefore proper.

## II. **Adegbenro's suit does not implicate the *Rooker-Feldman* doctrine.**

Apart from challenging the existence of federal question jurisdiction under 28 U.S.C. § 1331—which is immaterial, given that diversity jurisdiction exists, *see supra* Part I—Adegbenro asserts that the *Rooker-Feldman* doctrine[2] bars this Court from exercising jurisdiction. Dkt. 8 ¶¶ 15-22. That doctrine, however, is narrow; "[i]t applies only to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Miller v. Dunn*, 35 F.4th 1007, 1010 (5th Cir. 2022) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Adegbenro's suit does not seek review of any underlying state-court judgment. For that reason, the *Rooker-Feldman* doctrine does not apply. Accordingly, Adegbenro's motion to remand should be denied.

---

[2] This doctrine derives from two longstanding decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the Court **DENY** Plaintiff Adesunmbo Adegbenro's motion to remand (Dkt. 8).

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).   Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on November 10, 2022, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge